IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RAYMOND C. MILLER, JR.,**
    Petitioner,

v.                                              Case No.  4:07cv415/RH/MD

**WALTER A. MCNEIL,**[1]
    Respondent.
_____

ORDER and
REPORT AND RECOMMENDATION

**Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (Doc. 1).  Respondent has filed a motion to dismiss the petition as an unauthorized second or successive petition.  (Doc. 12).  Petitioner has responded. (Doc. 15).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that this petition is a "second or successive" habeas corpus application, and that petitioner has failed to obtain an order in the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") authorizing this court to consider the petition.  As such, this action should be dismissed.**

---

[1]Walter A. McNeil succeeded James R. McDonough as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent.  Fed.R.Civ.P. 25(d)(1).

On December 13, 1996 petitioner was found guilty by jury verdict of sexual battery with a deadly weapon and sexual battery by threats, in the Circuit Court of Gadsden County, Florida, Case Number 96-493.  (Doc. 12, Exs. A, F).  He was adjudicated guilty and sentenced on January 8, 1997 to thirty years imprisonment. (*Id.,* Ex. F).  On August 28, 2000 petitioner was re-sentenced to 17.5 years imprisonment followed by 25 years probation.  (Doc. 1, pp. 1, 3; doc. 12, Ex. F).

On August 25, 2001 petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court.  The case was assigned Case Number 4:01cv390.[2]  Petitioner filed an amended petition on September 7, 2001, claiming that his conviction was obtained through evidence produced by an "unlawful arrest" and "unconstitutional search and seizure."  (Case Number 4:01cv390, Doc. 3).  In response to a question on the petition form concerning whether petitioner had "any petition or appeal now pending in any court, either state or federal, as to the judgment under attack," petitioner answered "yes," explaining that he had a Rule 3.800 motion pending in state court concerning the calculation of victim injury points.  (*Id.,* p. 5).  On November 5, 2001 petitioner filed a notice of voluntary dismissal on the grounds that he had not exhausted his state remedies.  (*Id.,* Doc. 10).  Accordingly, the petition was dismissed without prejudice on November 9, 2001. (*Id.*, Doc. 11).

On April 12, 2002 petitioner filed another § 2254 in this court.  The case was assigned Case Number 4:02cv135/RH/WCS.[3]  Petitioner filed an amended petition on April 16, 2002, raising two grounds for relief relating to evidence which petitioner contended should have been suppressed at trial. (Case Number 4:02cv135, Doc. 4). The State responded.  (*Id.,* Doc. 20).  On May 22, 2003 the magistrate judge entered

---

[2]The court takes judicial notice of its own records in *Miller v. Butterworth*, Case Number 4:01cv390/RH/WCS.

[3]The court takes judicial notice of its own records in *Miller v. Crosby*, Case Number 4:02cv135/RH/WCS.

*Case No: 4:07cv415/RH/MD*

a Report and Recommendation recommending that the petition be denied with prejudice.  (*Id.,* Doc. 30).   The district judge adopted the Report and Recommendation on June 16, 2003.  (*Id.,* Doc. 33).  Petitioner filed a notice of appeal which was construed as a motion for certificate of appealability and denied.  (*Id.*, Doc. 40).  Petitioner then voluntarily dismissed his appeal.  (*Id.*, Doc. 43).

In the instant petition filed on September 24, 2007, petitioner indicates he is challenging the sentence imposed upon his re-sentencing on August 28, 2000. (Doc. 1).  He presents three grounds for relief, all relating to the assessment of victim injury points at his re-sentencing.  Respondent contends the petition is an unauthorized second or successive petition. (Doc. 12). Petitioner responds that his petition challenges only the re-sentencing proceeding, and therefore is not a second or successive petition to his initial petition challenging only his underlying conviction.  Petitioner argues that under the law of this Circuit, namely *In re Green*, 215 F.3d 1195 (11th Cir. 2000), his petition is not a "second or successive" application within the meaning of 28 U.S.C. § 2244.

Title 28 U.S.C. § 2244(b)(3)(A) provides:  "Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  *See* Rule 9, Rules Governing Section 2254 Cases (2005); *Burton v. Stewart,* 549 U.S. 147, 127 S.Ct. 793, 166 L.Ed.2d 628 (Jan. 9, 2007), *reh'g denied,* 127 S.Ct. 1394 ( Feb. 26, 2007); *Felker v. Turpin,* 518 U.S. 651, 116 S.Ct. 2333, 2337, 136 L.Ed.2d 346 (1996); *In re Medina,* 109 F.3d 1560 (11th Cir. 1997).  A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that has not been previously authorized by an appellate court.  *Burton,* 127 S.Ct. at 796, 799 (district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain order authorizing him to file second petition); *Fugate v. Dep't of Corrections*, 301 F.3d 1287, 1288 (11th Cir. 2002); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997).

Because "[t]he phrase 'second or successive' is not self-defining," its meaning is derived from judicial interpretation in decisions that both predate and postdate the AEDPA. *Panetti v. Quarterman,* — U.S. —, 127 S.Ct. 2842, 2853, 168 L.Ed.2d 662 (2007). The Supreme Court "has declined to interpret 'second or successive' as referring to all § 2254 applications filed second or successively in time, even when the later filings address a state-court judgment already challenged in a prior § 2254 application." *Id.* For example, in *Panetti*, the Court held that the habeas petitioner's *Ford*-based claim of incompetency to be executed was not barred by the AEDPA's prohibition against "second or successive" applications, notwithstanding the federal courts' rejection of the petitioner's initial habeas application which did not raise a *Ford* claim, given that the claim was not ripe until petitioner's date of execution was set, and there was a possibility that the petitioner's mental capacity had diminished during his incarceration rendering him incompetent for execution. 127 S.Ct. at 2853-54. Similarly, in *In re Green, supra,* the Eleventh Circuit held that a motion filed under 28 U.S.C. § 2255 was not "second or successive," where the motion only attacked an amended sentence entered <u>after</u> the district court had vacated the original sentence in petitioner's initial § 2255 proceeding, and the claims could not have been raised in the original motion. 215 F.3d at 1196. The instant case, however, is distinguishable from these cases.

Here, although new claims originated at the August 28, 2000 re-sentencing that did not exist at the time of petitioner's original conviction and sentencing, these claims arose <u>prior</u> to petitioner filing his § 2254 petition on April 12, 2002. (*See* Case Number 4:02cv135). Petitioner's re-sentencing claims could have been raised in that petition. As such, the undersigned concludes that the instant petition is second or successive. It is obvious from the record that petitioner has failed to obtain the requisite permission from the Eleventh Circuit in order to file this petition. This failure operates as a jurisdictional bar that precludes the district court's

**consideration of the merits of the petition.  For this reason, this case will be dismissed without prejudice.**[4]

**Accordingly, it is ORDERED:**

**The clerk shall change the docket to reflect that Walter A. McNeil has been substituted as respondent in this cause.**

**And it is respectfully RECOMMENDED:**

**1.  That respondent's motion to dismiss (doc. 12) be GRANTED.**

**2.  That this § 2254 petition (doc. 1) be DISMISSED WITHOUT PREJUDICE.**

---

[4]**Because petitioner relies so heavily on** *In re Green, supra,* **the court will provide a more detailed discussion of that case.  The petitioner in** *In re Green* **had been convicted in federal court of several offenses, including a firearm offense.  In 1997, after his conviction was affirmed on direct appeal, petitioner Green filed his first motion under 28 U.S.C. § 2255 alleging, among other things, that the Supreme Court's decision in** *Bailey v. United States***, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), invalidated his 18 U.S.C. § 924(c) firearms conviction.  The district court granted the motion with respect to the** *Bailey* **claim and denied the motion with respect to all other claims.  Green appealed, but the Eleventh Circuit refused to issue a certificate of appealability.  Because Green's original sentence had been based, in part, on the gun crime, the district court held a re-sentencing hearing and entered an amended judgment.**  *In re Green***, 215 F.3d at 1195-96.**

**In February 2000, petitioner Green filed a second § 2255 motion.  The motion alleged that counsel rendered ineffective assistance at re-sentencing for two reasons: (1) counsel failed to argue that Green should not be sentenced under the schedule for cocaine base because the government had not sufficiently proven that the substance was "cocaine base" as defined in Amendment 487, and (2) counsel failed to argue that the court erred in enhancing his sentence based on a prior conviction. The district court found that this motion constituted a "second or successive" motion under § 2255 because Green's claims concerned the same conviction that was attacked in his first § 2255 motion. Rather than dismiss the motion, the court transferred the case to the Eleventh Circuit pursuant to 28 U.S.C. § 1631.  The Eleventh Circuit's clerk then directed Green to file an application for leave to file a second or successive § 2255 motion.**

**The Eleventh Circuit held that "[b]ecause Green attacks the constitutionality of his re-sentencing proceeding only, and not the validity of his conviction, . . . this § 2255 motion is not 'second or successive.'"** *Id***., at 1196.  The court went on to explain:**

> **Green's § 2255 motion only attacks his amended sentence which the district court entered after it vacated his original sentence, following a successful pursuit of a § 2255 motion. . . . Green obviously could not challenge his counsel's effectiveness at re-sentencing at the time he filed his first § 2255 motion.  Green's application to file a successive § 2255 motion is unnecessary because the second § 2255 motion attacks for the first time a sentence that was not yet imposed at the time of his first § 2255 motion.**

*In re Green***, 215 F.3d at 1196.  The procedural history of the instant case is far different from that of** *In re Green***.**

*Case No: 4:07cv415/RH/MD*

    **3.  That the clerk be directed to close this file and send petitioner the Eleventh Circuit's form application for leave to file a second or successive petition.**

    At Pensacola, Florida this 9th day of May, 2008.

    /s/ *Miles Davis*
    **MILES DAVIS**
    **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**